IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RONALD WILLIAMS, #N-54017, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 17−cv–00376−NJR |
| STEVE DUNCAN, PHIL MARTIN, MRS. L. CUNNINGHAM, and JOHN COE, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Ronald Williams, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims that he was denied adequate medical care for glaucoma and a bunion at Lawrence in 2015. (Doc. 1, pp. 4-6). Plaintiff asserts claims under the Eighth Amendment for deliberate indifference to his serious medical needs against the following defendants: Steve Duncan (warden), Phil Martin (medical director), L. Cunningham (healthcare administrator), and John Coe (doctor). *Id*. He seeks monetary damages and injunctive relief against them.[1] (Doc. 1, p. 6).

The Complaint is now subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Plaintiff did not file a motion requesting any sort of interim relief, such as a temporary restraining order ("TRO") or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. He also did not include a request for emergency relief in the Complaint. If he deems it necessary, Plaintiff may file a motion requesting a TRO or a preliminary injunction while this action is pending.

1

> **(b) Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard and is subject to further review.

## Complaint

Plaintiff complains that he was denied adequate medical care for two medical conditions at Lawrence in 2015. (Doc. 1). First, he suffered from glaucoma in his right eye that caused painful pressure and vision loss. (Doc. 1, pp. 4-6). Second, he suffered from a bunion on his foot that necessitated the use of special shoes. *Id*. Plaintiff claims that the defendants delayed or denied treatment for both conditions. *Id*.

**1.**     **Glaucoma**

On May 26, 2015, Plaintiff was allegedly examined by a prison optometrist, Doctor Brummel. (Doc. 1, p. 4). The optometrist noted "extremely high pressure" in his right eye and referred him to Marion Eye Center. *Id*. He recommended a "surgical approach." *Id*.

While still waiting for approval of the referral and/or eye surgery on June 4, 2015, Plaintiff filed an emergency grievance. (Doc. 1, pp. 4, 10). In it, he complained of high pressure in his right

eye and blurry vision. *Id*. Plaintiff also requested more eye drops. *Id*. The grievance was deemed a non-emergency on June 9, 2015. (Doc. 1, p. 10). A counselor's note dated June 15, 2015, indicates that Plaintiff was approved for a medical furlough and would receive eye drops in the "med line." *Id*. The grievance was formally denied on August 14, 2015. (Doc. 1, p. 4). Plaintiff appealed the decision to the "director" on September 9, 2015. *Id*.

On June 29 and July 6, 2015, Plaintiff was seen by Doctor Coe for "severe uncontrolled glaucoma." (Doc. 1, pp. 4, 14). A medical referral and report prepared by Doctor Coe on each of those dates indicates that the situation was urgent. (Doc. 1, pp. 4, 13). The doctor recommended a consultation with a glaucoma specialist at Marion Eye Center. (Doc. 1, pp. 13-14).

In the weeks that followed, Plaintiff sent multiple requests for medical care to Warden Treadway, "[h]ealthcare," and "[m]ental [h]ealth [s]ervices." (Doc. 1, pp. 5, 15). He did not receive a response. *Id*. Plaintiff alleges that Warden Duncan, Medical Director Martin, Administrator Cunningham, and Doctor Coe would not approve the recommendation for surgery. (Doc. 1, p. 5). Plaintiff did not undergo surgery at Marion Eye Center until July 28, 2015. *Id*. He claims that the two-month delay caused him to suffer from a "cocked" right eye, vision loss, and unnecessary pain. *Id*.

**2.      Shoes**

Plaintiff also claims that Doctor Coe ordered him special shoes because he has a painful bunion on his foot. (Doc. 1, pp. 5, 16). The doctor initially agreed that Plaintiff needed these shoes. *Id*. Unfortunately, however, the ones he ordered were too big for Plaintiff. *Id*.

On June 30, 2015, Plaintiff was called to the prison health care unit to pick out a pair of shoes that fit him. (Doc. 1, p. 16). When he selected a replacement pair, Nurse Collins refused to give them to Plaintiff. *Id*. The nurse indicated that she needed to speak with Doctor Coe about special insoles for the shoes. *Id*. Weeks passed, and Nurse Collins never gave Plaintiff the shoes or followed up with him. *Id*.

On July 30 and August 2, 2015, Plaintiff filed grievances to complain about the denial of shoes. (Doc. 1, p. 16). In one grievance, Plaintiff explained that he saw a shoebox with his name on it while making his way through the med line, but his name was marked out and replaced with another inmate's name. (Doc. 1, p. 17). In the same grievance, Plaintiff also indicates that he wrote to Nurse Collins, Director Martin, and Nancy Pageant about getting new shoes but did not attach copies of the written requests. (Doc. 1, p. 16). A response to the initial grievance dated July 31, 2015, indicates that Doctor Coe met with Plaintiff to discuss his request for new gym shoes in April 2015 and the doctor recommended that Plaintiff buy his own pair of shoes. *Id*.

3.  **Other**

In the final sentence of his statement of claim, Plaintiff also alleges that he went to the health care unit to pick up insulin and medication, but the nurse did not know where the "bottle" was. (Doc. 1, p. 6). A grievance submitted along with the Complaint indicates that Nurse Welty misplaced his empty bottle of eye drops on July 29, 2015. (Doc. 1, pp. 18-19).

## **Discussion**

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

> **Count 1** - Eighth Amendment deliberate indifference to medical needs claim against the defendants for delaying Plaintiff's referral to Marion Eye Center and/or delaying approval of right eye surgery for two months in 2015.
>
> **Count 2** - Eighth Amendment deliberate indifference to medical needs claim against the defendants for denying Plaintiff special shoes for his bunion in 2015.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding the merits of each claim. **Any claims that Plaintiff intended to raise in the Complaint**

**that are not addressed in this Order should be considered dismissed without prejudice from this action.**

### Counts 1 and 2

The Eighth Amendment protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII. Deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). A prisoner who asserts an Eighth Amendment claim for inadequate medical care must satisfy two requirements. First, the prisoner must show that the medical need at issue was sufficiently serious (*i.e.*, an objective standard). Second, the prisoner must demonstrate that state officials acted with deliberate indifference to his or her health or safety (*i.e.*, a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

Both medical conditions described in the Complaint satisfy the objective component of this claim for screening purposes. A medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has recognized that vision loss associated with glaucoma can give rise to an Eighth Amendment claim. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Doctor Coe, a physician, allegedly diagnosed Plaintiff with a bunion and at least initially recommended special shoes. (Doc. 1, pp. 5, 16). *See Jones v. Drew*, 221 F. App'x 450 (7th Cir. 2007) (no dispute that bunions were serious medical need). In addition, Plaintiff claims that both conditions caused pain. When the failure to treat a condition could "result in further significant injury or the unnecessary and wanton infliction of pain," the condition is also considered sufficiently "serious" to support an Eighth Amendment claim. *Gutierrez,* 111 F.3d at 1373 (internal quotations

and citations omitted). Plaintiff's glaucoma and bunion are sufficiently serious to satisfy the objective component of his Eighth Amendment claims at screening.

To satisfy the subjective component, the Complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference, which is established when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). The Eighth Amendment does not entitle prisoners to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Inadvertent error, negligence, gross negligence, and even ordinary malpractice do not give rise to an Eighth Amendment claim against a defendant. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *accord Berry*, 604 F.3d at 440 ("Deliberate indifference is intentional or reckless conduct, not mere negligence."); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence, does not violate the Constitution."). Against this backdrop, the Court will consider whether the allegations support a claim of deliberate indifference against each defendant.

### Doctor Coe

The Complaint supports a claim of deliberate indifference against Doctor Coe in Counts 1 and 2. The doctor was directly involved in Plaintiff's diagnosis and treatment for glaucoma and bunions. Doctor Coe allegedly agreed that Plaintiff needed urgent treatment at Marion Eye Center, but he failed to take steps to ensure that Plaintiff received the referral and approval for surgery without delay. (Doc. 1, pp. 4-6, 13-14). Plaintiff maintains that the two-month delay resulted in further vision loss, permanent eye damage, and pain. (Doc. 1, p. 5).

Similarly, Doctor Coe allegedly diagnosed Plaintiff's bunion and initially agreed that special shoes were medically necessary. (Doc. 1, pp. 5-6). He ordered Plaintiff a pair and, for reasons that are not clear, instructed Plaintiff to purchase his own shoes when the first pair did not fit. (Doc. 1, p. 16). Although the Court takes no position regarding the ultimate merits of either claim, Counts 1 and 2 shall proceed against Doctor Coe at this time.

### Warden Duncan

The Complaint also states a colorable deliberate indifference claim against Warden Duncan in Count 1. The allegations against this defendant in Plaintiff's statement of claim are thin. (Doc. 1, p. 5). Plaintiff alleges that Warden Duncan, along with the other defendants, "fail[ed] to sign off on pla[i]ntiff [sic] serious need of surgery," and this resulted in further injury, pain, and suffering. *Id*. Standing alone, this allegation is too conclusory and threadbare to support a claim of deliberate indifference against any of the defendants. *Id*.

However, Plaintiff also offers grievances and letters that appear to be signed by Warden Duncan in support of Count 1. (Doc. 1, pp. 10-11, 20-21). The grievances make it clear that Plaintiff's eye surgery was necessary, urgent, and delayed. *Id*. Under the circumstances, the Court will allow Count 1 to proceed against Warden Duncan in his individual capacity.

But the individual capacity claim in Count 2 shall be dismissed without prejudice against the warden. No allegations suggest that Warden Duncan was personally involved in any deprivation of Plaintiff's constitutional rights in connection with his request for special shoes. Absent any personal involvement in a constitutional deprivation, Plaintiff cannot proceed with a § 1983 claim against the defendant. *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017).

With that said, Plaintiff seeks injunctive relief in the form of a pair of shoes. The warden shall remain named as a defendant in this action in connection with Count 2, but only in his official capacity for the sole purpose of carrying out any injunctive relief that is ordered. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

**Martin and Cunningham**

The Complaint does not support a colorable claim against Medical Director Martin or Administrator Cunningham. Although both individuals are named as defendants in this action, Plaintiff includes virtually no allegations against either one of them in the statement of claim. (Doc. 1, pp. 4-6). He mentions them once in connection with the following assertion: "As a direct result of Defendant's Steve Duncan, Phil Martin, L. Cunningham and Doctor John Coe failure to sign off on pla[i]ntiff serious need of surgery resulted in pla[i]ntiff's right eye remaining cocked and loss of vision in right eye periphial [sic] view constitutes deliberate indifference. . . ." (Doc. 1, p. 5). Beyond this, Plaintiff develops no factual basis for a claim against either defendant. *See Twombly*, 550 U.S. at 570 (a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (sketchy or implausible allegations do not provide sufficient notice of a claim). In addition, he has not attached any exhibits that establish the involvement of either individual in a constitutional deprivation. Counts 1 and 2 shall therefore be dismissed without prejudice against both of these defendants.

**Claims Against Non-Parties**

Plaintiff referred to numerous individuals in his statement of claim who are not named as defendants in the case caption, including Warden Treadway, Doctor Brummel, Nurse Kimmel, Nurse Welty, and Nurse Pageant, among others. This Court will not treat these individuals as defendants because they are not named in the caption of the Complaint or in the list of defendants. *See* FED. R. CIV. P. 10(a) (title of Complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims that Plaintiff intended to bring against non-parties are considered dismissed without prejudice from this action.

**Pending Motions**

1. **Motion for Leave to Proceed** *in forma pauperis* **("IFP Motion") (Doc. 2)**

    Plaintiff's IFP Motion shall be addressed in a separate court order.

2. **Motion to Appoint Counsel (Doc. 3)**

    Plaintiff's Motion to Appoint Counsel shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

3. **Motion for Service of Process at Government Expense (Doc. 4)**

    Plaintiff's Motion for Service of Process at Government Expense is **DENIED**. The Court will order service as a matter of course upon all defendants who remain in this action pursuant to this screening order because Plaintiff is a prisoner who has also requested permission to proceed in this action as a poor person.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **STEVE DUNCAN** and **JOHN COE** in their individual capacities only. This claim is **DISMISSED** without prejudice against Defendants **STEVE DUNCAN** and **JOHN COE**, in their official capacities, and against Defendants **PHIL MARTIN** and **L. CUNNINGHAM**, in their individual and official capacities, for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is subject to further review against Defendant **JOHN COE**, in his individual capacity only, and against Defendant **STEVE DUNCAN**, in his official capacity only for the sole purpose of carrying out any injunctive relief that is ordered. This claim is **DISMISSED** without prejudice against Defendant **STEVE DUNCAN**, in his individual capacity, and against Defendants **PHIL MARTIN** and **L. CUNNINGHAM**, in their individual and official capacities, for failure to state a claim upon which relief may be granted.

As to **COUNTS 1** and **2**, the Clerk of Court shall prepare for Defendants **STEVE DUNCAN** and **JOHN COE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons),

and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's Motion to Appoint Counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge

**Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 10, 2017**

**NANCY J. ROSENSTENGEL**
**United States District Judge**