IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RONALD WILLIAMS, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 17-CV-376-NJR-DGW |
| STEVE DUNCAN and JOHN COE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 46), which recommends denying the Motion for Summary Judgment on the issue of exhaustion filed by Defendant Steve Duncan, the warden at Lawrence Correctional Center (Doc. 37).[1] The Report and Recommendation was entered on May 9, 2018, and Warden Duncan filed a timely objection (Doc. 50).

Because a timely objection was filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate

---

[1] Defendant John Coe did not seek summary judgment on the issue of exhaustion.

judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

The Court has considered both the evidence and the arguments, and for the reasons explained below, Warden Duncan's objections are overruled, and the Report and Recommendation is adopted.

## DISCUSSION

Ronald Williams, an inmate of the Illinois Department of Corrections ("IDOC") currently housed at Lawrence Correctional Center, is proceeding against Defendants Steve Duncan, the warden at Lawrence, and John Coe, a physician at Lawrence, on claims of deliberate indifference to his serious medical needs, namely his glaucoma and his bunions (Docs. 1, 7). As it pertains to Warden Duncan, Williams alleges that the warden delayed his referral to the Marion Eye Center and/or delayed approval of surgery for his right eye (Doc. 7).

On February 6, 2018, Warden Duncan filed a motion for summary judgment arguing that Williams failed to exhaust his administrative remedies prior to filing suit (Docs. 37, 38). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on May 3, 2018 (Docs. 44; *see also* Doc. 49). Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 46).

Magistrate Judge Wilkerson found that Williams's grievance dated June 4, 2015,

in which he complained about the failure to provide adequate and timely medical care related to his glaucoma and bunions, was fully exhausted (Doc. 46, pp. 2–3). Magistrate Judge Wilkerson further concluded this grievance was sufficient to cover Williams's claim against Warden Duncan, even though Williams did not specifically name Warden Duncan in the grievance (*Id.* at p. 6). Warden Duncan objected to this conclusion, arguing that Williams's failure to name him or include specific complaints about him in the grievance meant that the grievance was insufficient to put prison officials on notice that Williams's complaint was against not just the medical providers but also against the warden (Doc. 50). The Court finds this objection is without merit.

The failure to name or describe Warden Duncan in the grievance does not mean that Williams failed to exhaust his administrative remedies as to the warden. "Grievances are intended to give prison administrators an opportunity to address a shortcoming, not to put individual defendants on notice of a lawsuit." *Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010). *Accord Jones v. Bock*, 549 U.S. 199, 219 (2007) ("[Providing] early notice to those who might later be sued . . . has not been thought to be one of the leading purposes of the exhaustion requirement.") (citing *Johnson v. Johnson,* 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation.")).

While the Illinois Administrative Code mandates that grievances include the name, or at least a description, of the persons involved in the complaint, 20 ILL. ADMIN.

CODE § 504.810(b) (2015), the grievance form Williams used asked only for a "Brief Summary of Grievance" (Doc. 38-2, p. 9). There was no indication on the form that names had to be provided (*see id.*). In this circumstance, the Seventh Circuit has held that the omission of names or identifying information does not mean that the prisoner failed to exhaust his administrative remedies so long as the grievances still gave prison administrators a fair opportunity to address the prisoner's complaints. *Conley v. Anglin*, 513 F. App'x 598, 601 (7th Cir. 2013) (citing *Maddox v. Love*, 655 F.3d 709, 721–22 (7th Cir. 2011)); *Jackson v. Shepherd*, 552 F. App'x 591, 593 n.1 (7th Cir. 2014).

Williams indicated in the grievance that he saw the eye doctor at Lawrence on May 26, 2015, and the doctor indicated that he would fill out the necessary paperwork to send Williams to an outside provider because Lawrence didn't have the necessary "things" that Williams needed for his eyes (Doc. 38-2, p. 9). When Williams still hadn't seen an outside provider eight days later, he filed the grievance. Obviously, it is the prison officials, not Williams, who would know the reason for the delay and to whom it could be attributed. Warden Duncan does not assert, and it is wholly unreasonable to expect, that Williams knew as much when he filed his grievances (*see* Doc. 50). *Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010) ("[I]t would be unreasonable to expect that, for every set of facts, an inmate will be able to peel back layers of bureaucracy and match a disputed decision with the prison employee responsible for that decision.") Prison officials addressed the June 4th grievance on the merits after investigating and determining that Williams had been approved for a medical furlough (Doc. 38-2, pp. 8–9). Under these circumstances, Williams's failure to specifically name Warden Duncan

in the June 4th grievance "was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

## CONCLUSION

Accordingly, Defendant Steve Duncan's objection (Doc. 50) is **OVERRULED**. The Report and Recommendation (Doc. 46) is **ADOPTED** in its entirety; Warden Duncan's motion for summary judgment on the issue of exhaustion (Doc. 37) is **DENIED**.

This case shall proceed on Counts 1 and 2 against Defendants Steve Duncan and John Coe (*see* Doc. 7).

**IT IS SO ORDERED.**

**DATED:** September 21, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**