IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD WILLIAMS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-00376-MAB |
| | ) |
| STEVE DUNCAN, ET AL., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Presently before the Court is Plaintiff's Motion for Reconsideration, filed on November 18, 2020 (Doc. 108). For the reasons set forth below, the motion is **GRANTED in part and DENIED in part**.

Plaintiff filed a motion requesting the Court to reconsider its September 25, 2020 Order denying Plaintiff a full record of every filed document in this case and transcripts of all proceedings at the government's expense. Plaintiff argues that because he proceeded *in forma pauperis* ("IFP") in this case and is continuing to proceed IFP on appeal, he qualifies for copies of every document and transcript free of charge.

Plaintiff is partially correct that for persons permitted to appeal IFP, fees for *transcripts* should be paid by the United States so long as the judge "certifies the appeal is not frivolous" and the transcript is needed for the appeal. *See* 28 U.S.C. §753(f). The Court previously certified that there are non-frivolous issues on appeal (Doc. 100). Plaintiff identified in his notice of appeal (Doc. 94) that he is appealing the Court's Order

on the motion for summary judgment. There are no transcripts related to the motion for summary judgment as the Court made its determination on the parties' briefing and did not conduct a separate hearing.

In both his first motion and the motion for reconsideration, Plaintiff does not identify specific transcripts or documents he needs that relate to his appeal; rather, he asks for the entire record (Docs. 106, 108). In his motion for reconsideration, Plaintiff includes a copy of the transcript order form requesting copies of the hearing on the motion to withdraw counsel (Doc. 75) and the *Pavey* hearing (Doc. 49), which gives the Court a little more direction; however, Plaintiff fails to demonstrate how these documents are necessary for his appeal. The *Pavey* hearing was held to determine whether Plaintiff exhausted administrative remedies before filing his lawsuit, which is a separate issue from the claims in Plaintiff's appeal of the Court's Order on Defendants' motions for summary judgment. Additionally, Plaintiff does not explain or detail for the Court why the *Pavey* hearing transcript is related to his current appeal. As for the motion to withdraw counsel, there is no transcript or minutes beyond the text entry on the docket, so the Court cannot provide additional transcripts for this hearing to Plaintiff (Doc. 75). Plaintiff also does not describe how this transcript is related to his current appeal.

Plaintiff is reminded that the Court already provided free copies of each document to him throughout the course of this case. Even so, to help Plaintiff on appeal, the documents related to the motion for summary judgment shall be prepared and provided to Plaintiff at the expense of the United States. These documents include the following: Defendant Duncan's motion and supporting memorandum for summary judgment

(Docs. 64, 65); Defendant Coe's motion and supporting memorandum for summary judgment (Docs. 66, 70); Plaintiff's response (Doc. 77); Defendant Coe's response (Doc. 78); Plaintiff's additional responses (Docs. 81, 82); and the Court's Order granting the motions for summary judgment (Doc. 92). The undersigned will not provide free copies of all motions and orders at this time, however, as there are approximately 100 docket entries in this action. The Clerk of Court shall send Plaintiff a copy of the public docket sheet in this action once again as a courtesy, and the Court will consider providing copies of a more limited number of documents if Plaintiff demonstrates that they are necessary for his appeal.

For the aforementioned reasons, Plaintiff's motion is granted in part and denied in part. The denial is without prejudice and Plaintiff can refile his motion with an explanation as to why certain hearing transcripts are necessary for his appeal.

**IT IS SO ORDERED.**

**DATED: December 10, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**